IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS MICHAEL WIGGINS, | ) | |
|     Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 3:08-CV-0830-D (BH) |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director, | ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

Petitioner is currently incarcerated in the Texas prison system. Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. He did not pay the filing fee nor did he file an application to proceed *in forma pauperis* and a computer printout setting forth his trust fund account statement for the six month period immediately preceding the filing of this action, as required by 28 U.S.C. § 1915(a).

This Court issued a Notice of Deficiency and Order on May 19, 2008, ordering Petitioner to tender the full filing fee of $5.00 or file an application to proceed *in forma pauperis* and a certificate of his inmate trust account within thirty days of the date of the Order. Petitioner was

warned that the failure to do so would result in a recommendation that his petition be dismissed for failure to prosecute.

To date, Petitioner has filed nothing further in this case, nor has he paid the requisite filing fee.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Petitioner has failed to comply with the Order of April 28, 2008, that he pay the filing fee or submit a request to proceed *in forma pauperis* within thirty days.  Accordingly, the Court should dismiss this action without prejudice for petitioner's failure to prosecute the action.

## III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the Court dismiss the instant action without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

**SIGNED this 27th day of June, 2008.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE